IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DERRICK LAMARR WARREN,** | ) | **CASE NO. 1:22 CV 532** |
| | ) | |
| Plaintiff, | ) | **JUDGE DAVID A. RUIZ** |
| | ) | |
| v. | ) | |
| | ) | |
| **DEBORAH THOMPSON,** *et al.*, | ) | **OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |

### Introduction

*Pro se* Plaintiff Derrick Lamarr Warren has filed an *in forma pauperis* civil complaint in this matter against his sister Rena Clark and his aunt Deborah Thompson (collectively, "Defendants"). (Doc. No. 1-1.) In his brief complaint, Plaintiff alleges Defendants have stolen and refused to give to him inheritance money his father left him. He seeks "justice and damages in the sum of $33,333,33." (*Id*. at 6.) His complaint does not allege any specific legal claim, but the civil cover sheet he has submitted with his complaint indicates he seeks to assert claims for theft and/or contract. (Doc. No. 1-2.)

Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 1) is granted, but for the reasons stated below, his action is dismissed.

### Legal Standard and Discussion

Federal courts are courts of limited jurisdiction and have a duty to consider their subject-matter jurisdiction in every case. *Answers in Genesis of Kentucky, Inc. v. Creation Ministries Intern., Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). Federal subject-matter jurisdiction exists when a claim arising under federal law is presented on the face of a well-pleaded complaint. *See* 28 U.S.C.

§ 1331; *Mich. South. R.R. Co. v. Branch &. St. Joseph Counties Rail Users Ass'n, Inc.*, 287 F.3d 568, 573 (6th Cir. 2002). Federal jurisdiction may also be invoked when a plaintiff presents state-law claims between parties of completely diverse citizenship and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. "If the court determines at any time that it lacks subject-matter jurisdiction, [it] must dismiss the action." Fed. R. Civ. P. 12(h)(3).

The Court finds that Plaintiff's complaint must be dismissed because his pleadings do not demonstrate a valid basis for an exercise of federal subject-matter jurisdiction. No claim arising under federal law is alleged on the face of Plaintiff's complaint. The only discernible claims Plaintiff's pleadings suggest are alleged claims arising under state law, but Plaintiff has not demonstrated a valid basis for an exercise of diversity jurisdiction over such claims. His pleadings do not suggest that the parties are of completely diverse citizenship. Rather, his pleadings indicate that he and Defendants are all Ohio citizens.

## Conclusion

Accordingly, this action is dismissed for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).[1] The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.



/s/ David A. Ruiz
DAVID A. RUIZ
UNITED STATES DISTRICT JUDGE

Date: May 17, 2022

---

[1] This dismissal is without prejudice to any claims Plaintiff may properly assert in state court on the alleged facts.